United States District Court
Southern District of Texas

**ENTERED**

December 12, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DONNA M.,[1] | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:24-cv-00111 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Plaintiff Donna M. seeks judicial review of an administrative decision denying her applications for Title II disability and disability insurance benefits under the Social Security Act (the "Act"). Donna M. and Defendant Carolyn Colvin, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] have filed briefs. *See* Dkts. 9, 10. Having reviewed the briefing, record, and applicable law, I remand this matter to the Commissioner for further proceedings consistent with this Opinion and Order.

**BACKGROUND**

Donna M. filed applications for benefits under Titles II and XVI of the Act on June 21, 2021, alleging disability beginning on April 1, 2021. Her applications were denied and denied again upon reconsideration. On August 17, 2023, an

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Carolyn Colvin became the Acting Commissioner of Social Security on November 30, 2024. Colvin is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."). This is Ms. Colvin's second time serving as Acting Commissioner, having previously served as Acting Commissioner from February 14, 2013 through January 20, 2017.

Administrative Law Judge ("ALJ") held a hearing. On November 14, 2023, the ALJ issued an opinion that Donna M. was not disabled. Donna M. filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to "(1) whether the Commissioner applied the proper legal standards; and (2) whether the Commissioner's decision is supported by substantial evidence on the record as a whole." *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quotation omitted). The Commissioner uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity;  (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See Salmond*, 892 F.3d at 817. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's maximum capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id.*

### THE ALJ'S DECISION

At Step 1, the ALJ found that Donna M. "has not engaged in substantial gainful activity since April 1, 2021, the alleged onset date." Dkt. 8-2 at 24.

At Step 2, the ALJ found that Donna M. "has the following severe impairments: status-post open reduction internal fixation (ORIF) of the right foot; Sjogren's syndrome, inflammatory arthritis of the hips, shoulders, knees and feet; spondylosis and stenosis of the lumbar spine, status-post right shoulder arthroplasty, systemic lupus erythematosus; anxiety; depression and obesity." *Id.*

At Step 3, the ALJ found that Donna M. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id.* at 26.

Prior to consideration of Step 4, the ALJ determined Donna M.'s RFC as follows:

> [Donna M.] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except [she] should avoid climbing ladders, ropes or scaffolds. She can occasionally climb stairs and ramps. She can occasionally stoop, kneel, crouch and crawl. She

3

should avoid work around unprotected heights or dangerous moving machinery. She can frequently use her bilateral upper extremities for reaching in all directions, but only occasionally reaching overhead, bilaterally. She can frequently use her bilateral hands for handling, fingering and feeling. She can occasionally use her bilateral feet for operating foot controls. She should avoid work in extreme heat or humidity. She can understand, remember and apply information in order to carry-out detailed but not complex instructions. She can concentrate, keep pace and persist for 2-hour periods with customary breaks during an 8-hour workday. She should avoid work requiring specific production rate (such as assembly line work) but can have an end of the day quota. She can frequently interact with supervisors, coworkers and the general public. She can respond appropriately to changes in the work setting. She can accept instructions and make decisions in a work setting.

*Id.* at 28.

At Step 4, the ALJ found that Donna M. "is capable of performing past relevant work as a pharmacy technician and a cashier." *Id.* at 37. Accordingly, the ALJ found that Donna M. was not disabled.

## DISCUSSION

Donna M. raises two arguments for my review: (1) that the ALJ committed harmful error by assigning conflicting limitations in the paragraph B criteria; and (2) that the Appeals Council should have granted review under 20 C.F.R. § 404.970(a)(5) based on new and material evidence. I reach only the second issue.

In pertinent part, the ALJ found that Donna M. has the RFC to "perform light work"[3] and "frequently use her bilateral upper extremities for reaching in all directions, but only occasionally reaching overhead, bilaterally." Dkt. 8-2 at 28. Following the ALJ's decision, Donna M. submitted new medical evidence to the Appeals Council in support of her appeal, including post-operative reports for her right and left shoulders. Relevant here, Donna M. submitted notes from her

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

surgeon stating that her "[l]eft glenohumeral arthritis . . . has failed non operative management." Dkt. 8-2 at 81. This report directly contradicts the ALJ's observation that Donna M. "has had shoulder injections that have been effective" and that she saw improvement from "bilateral corticosteroid injections and improved with physical therapy." *Id.* at 33, 34. Notwithstanding this fact, the Appeals Council denied review, explaining:

> You submitted records from Heights Rheumatology, dated October 30, 2023 (23 pages) and Houston Methodist Hospital, dated November 4, 2022 through December 1, 2023 (149 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

*Id.* at 3. Donna M. argues that the Appeals Council erred in not considering the substance of the new evidence and, thus, remand is required. I agree.

The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). As a general rule, "the regulations do not require the Appeals Council to discuss the newly submitted evidence, nor is the Appeals Council required to give reasons for denying review." *Whitehead v. Colvin*, 820 F.3d 776, 780 (5th Cir. 2016); *see also Heath v. Kijakazi*, No. 4:20-cv-01549, 2021 WL 5567304, at *3 (S.D. Tex. Nov. 29, 2021) ("This Court is cognizant of the general rule that the Appeals Council is not required to provide a discussion of the newly submitted evidence or give reasons for denying review." (quotation omitted)). Although the Appeals Council is not always required to provide a detailed discussion of new evidence, the Fifth Circuit has found that some discussion is warranted when the "new records create considerable uncertainty regarding the ALJ's findings." *Whitehead*, 820 F.3d at 780 (cleaned up).

Here, the Appeals Council stated that it reviewed the evidence and found it would not have changed the ALJ's decision. This treatment by the Appeals Council would be adequate if the new evidence does not create uncertainty about the ALJ's

5

findings. *See Caudell v. Saul*, No. H-18-2897, 2019 WL 4307123, at *12 (S.D. Tex. Aug. 27, 2019) ("[T]he Appeals Council met its burden to consider the new evidence and was only in error if there was a reasonable probability that [the additional evidence] would have changed the ALJ's decision."). Here, however, I find that the new evidence creates considerable uncertainty.

The notes from Donna M.'s surgeon directly contradict some of the ALJ's findings. Specifically, the notes show that—contrary to the ALJ's decision—Donna M. did *not* improve with conservative treatments like injections and physical therapy. The Appeals Council provided no insight into whether it recognized this contradiction or how it resolved any contradiction. Because this evidence could alter the RFC that the ALJ formulated for Donna M. and potentially render her disabled, the new evidence is significant and casts doubt on the soundness of the ALJ's findings. Accordingly, I remand for consideration of this new evidence and its impact on whether Donna M. was disabled during the relevant time period.

## CONCLUSION

For the reasons stated above, this matter is remanded to the Commissioner for further proceedings consistent with this Opinion and Order. A final judgment will issue separately.

SIGNED this ___12ᵗʰ___ day of December 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE